IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ISAAC L. SAMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-121 (MTT) |
| | ) |
| WELLS FARGO FINANCIAL GEORGIA, | ) |
| INC. and WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss (Doc. 9) pursuant to Fed. R. Civ. P. 12(b)(5) and (b)(6) for insufficient service of process and failure to state a claim. The Plaintiff did not file a response. For the following reasons, the Motion is **GRANTED** in part and **DENIED** in part.

The Defendants allege that the Plaintiff has not properly served either Wells Fargo Financial Georgia, Inc. ("Wells Financial") or Wells Fargo Bank, N.A. ("Wells Fargo"). After being granted an extension of time to serve the Defendants (Doc. 5), the Plaintiff has not filed proof that he attempted to serve Wells Financial. Accordingly, the Motion is **GRANTED** as to Wells Financial, and Wells Financial is **DISMISSED** as a party to this action.

The Plaintiff did, however, file an executed summons (Doc. 8) showing that Wells Fargo's registered agent in Iowa was personally served. Wells Fargo alleges that service on Wells Fargo was insufficient because, under Georgia law, a foreign corporation that is registered to do business in Georgia and maintains a registered

agent in Georgia for service of process must be served through the Georgia registered agent rather than extraterritorially.  *See Cherokee W. Warehouses, Inc. v. Babb Lumber Co., Inc.*, 244 Ga. App. 197, 198, 535 S.E.2d 254, 255 (2001).

The Plaintiff served Wells Fargo pursuant to Fed. R. Civ. P. 4(h)(1)(B) rather than 4(h)(1)(A).  Rule 4(h)(1)(B) provides that a corporation may be served:

> in a judicial district of the United States: … by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(h)(1)(A) provides that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which includes any manner that is appropriate under state law where the district court is located.  Because the Plaintiff has served Wells Fargo pursuant to Rule 4(h)(1)(B) and not under state law, Georgia's requirement that the Georgia registered agent must be served for a foreign corporation registered to do business in Georgia is inapplicable.  Accordingly, the Plaintiff has properly served Wells Fargo.

The Plaintiff claims that Wells Fargo has encroached on his property and requests various forms of relief including rental payments, damages for the loss of use of his property, and ejectment of Wells Fargo from his property.  Wells Fargo alleges that the Plaintiff has failed to state a claim and asserts the defense of clean hands because Wells Fargo claims that the Plaintiff "engineered" the encroachment and was "the party in possession of the requisite knowledge to avoid the situation."  (Doc. 9-1 at 7).  Wells Fargo also argues that the Plaintiff failed to allege Wells Fargo had knowledge of the encroachment situation.  The Complaint, however, does allege such

knowledge.  (Doc. 1 at 2).  Wells Fargo does not otherwise state why the Plaintiff has failed to allege facts that would support a legally cognizable claim and, therefore, has not satisfactorily shown why the Court should dismiss the Complaint.  Accordingly, the Motion is **DENIED** as to Wells Fargo.

Although Wells Fargo has not asserted that the Court lacks subject matter jurisdiction over this case, the Court must inquire into subject matter jurisdiction *sua sponte*.  *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  Because this case is based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs.  28 U.S.C. § 1332.  The Plaintiff has alleged damages in the amount of $185,400 and requested an ejectment of Wells Fargo from his property but has not shown a good faith basis for establishing the amount in controversy.  Accordingly, the Plaintiff is **ORDERED** to amend his Complaint and itemize his damages to establish that he has met the amount in controversy requirement.  The amended Complaint should be filed within **14 days** of the entry of this Order.

**SO ORDERED**, this 30th day of November, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT