IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ISAAC L. SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-CV-121 (MTT) |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss the
Plaintiff's Amended Complaint (Doc. 12) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of
subject matter jurisdiction.  For the following reasons, the Motion is **GRANTED**.

### I.      FACTUAL BACKGROUND

The Plaintiff's initial Complaint, based on diversity jurisdiction, alleges that the
Defendant encroached on his property and requests various forms of relief including
rental payments, damages for the loss of use of his property, and ejectment of the
Defendant from his property.  The Plaintiff alleged damages in the amount of $185,400
in addition to the requested ejectment but did not reveal a good faith basis for
establishing the amount in controversy.  On November 30, 2012, the Court ordered the
Plaintiff to amend his Complaint and itemize his damages to establish he meets the
amount in controversy requirement.  (Doc. 10).  The Plaintiff timely amended his
Complaint and now requests damages in the range of $118,448 to $176,448.  (Doc. 11).
The Plaintiff set forth four bases for establishing the range of damages:  (1) the non-
availability of use of his property in an amount of $57,500;  (2) his personal costs of

"working to bring this case to a reasonable settlement" totaling $57,948.80; (3)

miscellaneous costs including "[t]ravel, phone bills, filing fees, surveyor fees, and legal

counsel expenses" totaling approximately $10,000; and (4) pain and suffering caused

by his attorney's resignation and refusal by the Georgia Attorney General's Office to

take the case in the amount of $50,000.[1]  The Defendant moved to dismiss the

Plaintiff's Amended Complaint for lack of subject matter jurisdiction and argues that the

Plaintiff has failed to plead with particularity and good faith his bases for the amount in

controversy requirement.

## II.    DISCUSSION

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of

subject matter jurisdiction by either facial or factual attack."  *Stalley v. Orlando Reg'l*

*Heathcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (internal citation omitted).

"A facial attack on the complaint requires the court merely to look and see if the plaintiff

has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his

complaint are taken as true for the purposes of the motion."  *Id.* at 1232-33 (internal

quotations and citation omitted).  A factual attack, however, "challenges the existence of

subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits

or testimony."  *Id.* at 1233 (internal citation omitted).  The Defendant here has not

introduced any material extrinsic from the pleadings, and the Court will look only to the

Complaint and its attached exhibits to determine whether the Plaintiff has established

subject matter jurisdiction.

---

[1] The Plaintiff does not allege damages for rental payments nor request an ejectment in his
Amended Complaint.

An action based on diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805,807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  The plaintiff has the burden to allege facts creating jurisdiction with sufficient particularity.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000).  The Defendant admits that diversity exists among the Parties. Accordingly, the Court will only evaluate whether the Plaintiff has met his burden to establish the amount in controversy requirement with sufficient particularity.

The Plaintiff's first item of damages – the non-availability of his property – is derived from the property's fair market value, which the Plaintiff alleges is $115,000. The Plaintiff claims that the Defendant deprived him of the use of half of this property for damages amounting to $57,500.  The Defendant argues that the Plaintiff has failed to sufficiently allege how he calculated the total value of the property, how he arrived at the fact that the Defendant encroached on half of his property, or how the alleged encroachment rendered the property unavailable to him.  The Plaintiff responds that an appraisal of the property attached to his Amended Complaint clearly establishes the value as $115,000.[2]  (Doc. 13 at 1).

For purposes of this Motion, the Court will assume the Plaintiff's allegations that the Defendant has encroached on and rendered useless half of his property to be true. The appraisal submitted by the Plaintiff is dated June 23, 2003, and actually lists the

---

[2] The Plaintiff did not respond, however, to any of the Defendant's other arguments regarding the Plaintiff's remaining bases for damages.

market value of the property as $114,000.  (Doc. 11-1 at 12).  The Plaintiff's claim for encroachment did not accrue until July 1, 2008.  The Court doubts whether the appraisal is an accurate representation of the property's market value from 2008 through the present.  Furthermore, this appraisal appears to be for the property located at 710 Williams Road, Danville, GA 31017.  However, the Plaintiff has alleged that the property being encroached on is located at 712 Williams Road, Danville, GA 31017, and the home in the appraisal is actually the encroaching property.  (Doc. 1 at 2).  The Plaintiff does not demonstrate how the purported market value of the encroaching property is related to damages for the non-use of the property he now owns.  Although the Court doubts that the Plaintiff would be able to ultimately establish the amount of damages for encroachment on his property with this appraisal, the Court will nevertheless assume for purposes of this Motion that the Plaintiff has sufficiently alleged $57,500 in damages for the alleged encroachment.

Next, the Plaintiff's second and third items of damages can be considered together.  The Plaintiff concludes that he is owed $57,948.80 for the value of his time in trying to resolve this case.  The Plaintiff alleges that he has spent approximately 2,080 hours on the case at a rate of $27.92 per hour beginning August 27, 2009, and ending October 15, 2012.[3]  He also asserts that he is owed $10,000 for miscellaneous expenses, including "[t]ravel, phone bills, filing fees, surveyor fees, and legal counsel expenses."  (Doc. 11 at 1).  The Plaintiff has not itemized how he accumulated 2,080

---

[3] The Plaintiff has submitted an earnings statement to establish his hourly rate as an employee at the Department of Defense.  However, the earnings statement shows that his hourly rate is actually $25.92.  (Doc. 11-1 at 1).  Based on either rate, the Court is not sure how the Plaintiff arrived at $57,948.80.

hours of work toward resolving the case or how he racked up $10,000 in various fees related to the case.

In any event, it does not matter whether the Plaintiff itemized these hours and expenses because the amount in controversy must be based on damages exclusive of costs and interest.  Nor has the Plaintiff alleged any legal basis that would allow him to collect these costs and expenses of litigation from the Defendant.  Although the Plaintiff alleges he incurred legal expenses, attorney's fees may not be included in determining the amount in controversy unless the award of fees is authorized by statute or a contract.  *Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001).  The Plaintiff has not alleged the existence of any statute or contract that would entitle him to collect attorney's fees or the value of his time spent pursuing his claims.

Finally, the Plaintiff requests damages for pain and suffering in the amount of $50,000 for two reasons.  First, the Plaintiff alleges that his attorney withdrew from further representation following an "inquiry" by the Defendant.  Second, the Plaintiff could not get further representation from the Georgia Attorney General's Office because they do not serve the general public.

While the Plaintiff did submit correspondence from his former attorney stating that the attorney felt it was best to withdraw from representation and referencing a conversation with one of the Defendant's representatives, the letter does not actually state why the Plaintiff's former attorney withdrew from further representation.  The Plaintiff has not clearly alleged that his attorney's resignation was caused by the Defendant, nor has the Plaintiff alleged any legally cognizable claim separate from his encroachment claim in his Complaint or Amended Complaint for these alleged

-5-

damages.  Moreover, there is no legal basis for holding the Defendant accountable for damages for pain and suffering because the Plaintiff could not receive services from the Attorney General's Office.

Even though the Court assumes that the Plaintiff sufficiently alleged damages in the amount of $57,500 for encroachment and non-availability of his property, the Court finds that the Plaintiff's other bases for damages are inappropriate or frivolous. Accordingly, the Plaintiff has not established that the amount in controversy exceeds $75,000, exclusive of interest and costs, and therefore, this Court lacks subject matter jurisdiction.

### III.    CONCLUSION

For the foregoing reasons, the Defendant's Motion is **GRANTED**, and this case is **DISMISSED**.

**SO ORDERED**, this the 11th day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT