# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ISAAC L. SAMPSON,<br><br>*Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:12-cv-00121-TES |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Plaintiff's request for another judge to review his now-closed case. [Doc. 18]. While Plaintiff made this request via a letter and not a motion, the Court construes this request as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). On August 24, 2021, the Clerk of Court sent Plaintiff a letter alerting him that when Judge Marc T. Treadwell presided over his case in 2012 through 2013, he owned stock in Wells Fargo. [Doc. 16]. The Clerk of Court invited Plaintiff to respond to Judge Treadwell's disclosure of the conflict. [*Id.*]. In response, Plaintiff stated that he wished to have "another judge review this case." [Doc. 18]. As detailed below, the Court conducted a review of the case and finds no indicia of bias or impropriety, and as such **DENIES** Plaintiff's Motion for Relief From Judgment.

**BACKGROUND**

On April 3, 2012, Plaintiff filed a complaint against Wells Fargo Financial Georgia, Inc. ("Wells Financial") and Wells Fargo Bank National Association ("Wells Fargo"). [Doc. 1]. That action was assigned to Hon. Marc T. Treadwell, United States District Court Judge. Defendants Wells Financial and Wells Fargo filed a Motion to Dismiss based on a failure to serve either party with the Summons and the Complaint, and on a failure to state a valid claim. [Doc. 9]. Judge Treadwell determined that Plaintiff failed to serve Wells Financial and dismissed it as a party on November 30, 2012. [Doc. 10].

While Judge Treadwell found that Wells Fargo had been properly served, he ordered Plaintiff to amend his Complaint to itemize his damages to establish that he met the requisite amount in controversy. [*Id.*]. Plaintiff filed an Amended Complaint [Doc. 11] in which he itemized his alleged damages. Subsequently, Wells Fargo filed a Motion to Dismiss [Doc. 12] based on a lack of subject matter jurisdiction, and Plaintiff filed a response to that motion. [Doc. 13]. After reviewing the briefing from the parties, Judge Treadwell determined that Plaintiff did not meet the requisite amount in controversy and dismissed the case for lack of subject matter jurisdiction. [Doc. 14]. The Clerk of Court entered Judgment [Doc. 15] against the Plaintiff following Judge Treadwell's Order.

On August 24, 2021, the Clerk of Court notified Plaintiff that Judge Treadwell had recently become aware that he owned Wells Fargo stock while he presided over the case from 2012 through 2013. [Doc. 16]. The letter invited Plaintiff to respond to this disclosure, and that any response would be considered by another judge without Judge Treadwell's participation. [*Id.*]. Plaintiff responded to the Clerk of Court's letter on September 14, 2021, and requested another judge review his case. [Doc. 18].

## DISCUSSION

As discussed above, the Court construes Plaintiff's response [Doc. 18] as a Motion for Relief From Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for" any of six enumerated reasons. Fed. R. Civ. P. 60(b). Plaintiff's request for relief only fits under the sixth, catch-all category which provides relief can be granted for "any other reason that justifies relief." *Id.* at 60(b)(6). "Relief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Johnson v. American Sec. Ins. Co.*, 392 F. App'x 838, 841 (11th Cir. 2010) (quoting *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001)). "A motion pursuant to Rule 60(b)(6) must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Id.* (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

3

While Judge Treadwell would have been required to recuse himself had he known of his stock ownership in Wells Fargo, the Court cannot find any indicia of bias or impropriety that affected his decision in this matter after its review. Judge Treadwell based the dismissal on lack of subject matter jurisdiction, a legal determination that had no bearing on Plaintiff's factual allegations. Indeed, in reviewing Wells Fargo's Motion to Dismiss, Judge Treadwell only considered "the Complaint and its attached exhibits to determine whether the Plaintiff [had] established subject matter jurisdiction." [Doc. 14, p. 2]. Further, Judge Treadwell "assume[d] the Plaintiff's allegations . . . to be true." [*Id.* at p. 3]. Even when it was doubtful that Plaintiff had appropriately established damages for his first itemization, Judge Treadwell "nevertheless assume[d] for purposes of [that] Motion that the Plaintiff has sufficiently alleged $57,000 in damages for the alleged encroachment." [*Id.* at p. 4].

The second and third items of damages were considered together by Judge Treadwell, because they were both similarly legally deficient. Judge Treadwell noted that these items of damages, attorney's fees and miscellaneous expenses incurred to prosecute his case, are specifically barred by statute "because the amount in controversy must be based on damages exclusive of cost and interest." [*Id.* at p. 5]. Moreover, the Plaintiff failed to allege "the existence of any statute or contract that would entitle him to collect attorney's fees or the value of his time spent pursuing his claims." [*Id.*]. The

4

Court notes that this is a purely legal conclusion, not subject to any bias from Judge Treadwell.

Similarly, Plaintiff's fourth item of damages was also legally barred. Plaintiff requested $50,000 in damages for pain and suffering because his attorney withdrew from representation, and the Georgia Attorney General's Office would not provide him with representation. *See* [*id.*]. Judge Treadwell correctly asserted that the Plaintiff did not "allege[] any legally cognizable claim separate from his encroachment claim in his Complaint or Amended Complaint for these alleged damages." [*Id.*]. He further noted "there is no legal basis for holding the Defendant accountable for damages for pain and suffering because the Plaintiff could not receive services from the Attorney General's Office." [*Id.* at p. 6]. Because there was no right to relief under the relevant law, Judge Treadwell correctly found that this item of damages could not be included toward his amount in controversy. As such, only the first item of damages was valid, leaving Plaintiff's amount in controversy at a deficient $57,000.

When faced with questions of factual deficiencies, rather than legal deficiencies, Judge Treadwell gave the Plaintiff a fair review. However, federal courts are courts of limited jurisdiction and cannot act without a statutory basis to do so. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, federal judges must adhere strictly to the requirements of statutory grants of jurisdiction. Only Plaintiff's first item of damages was not legally deficient. The others were either explicitly barred

5

by statute or failed to relate to a legally cognizable claim. Because Judge Treadwell gave Plaintiff all benefits of the doubt, accepted his allegations as true, and only considered his Complaint and attached exhibits, the Court finds no indicia or bias or impropriety stemming from his ownership of Wells Fargo stock.

## CONCLUSION

After reviewing Judge Treadwell's opinion, the Court does not find any bias or error, let alone any extraordinary circumstances required for relief under Rule 60(b)(6), resulting from his ownership of Wells Fargo stock. As such, Plaintiff's Motion for Relief From Judgment is **DENIED**.

**SO ORDERED**, this 29th day of September, 2021.

                                                S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**